IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
2:98-CR-185-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| JEREMIAH LOCUST, SR. | |

This matter is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 203], filed on September 1, 2021. Defendant has not responded to the Motion.

I. Background

Defendant was found guilty of two counts of First Degree Murder and one count of Attempt to Commit Murder.

On September 10, 1999, the District Court sentenced Defendant to life imprisonment on Counts One and Two and 240 months imprisonment on Count Three.[1] All terms of imprisonment were to run concurrently. The District Court also sentenced Defendant to a term of supervised release of five years (if released), a special assessment of $300.00, and payment of restitution in the amount of $899,081.60.

---

[1] On June 29, 2004, Defendant's sentence was amended and Count Two was dismissed.

The Government states that Defendant has paid the special assessment and $169,160.81 in restitution, leaving a remaining balance of restitution of $729,920.80.[2]

Defendant is currently assigned to the Federal Correctional Institution in Edgefield, South Carolina.

The Government advises that it recently learned Defendant has a balance of $3,363.83 in his inmate trust account maintained by the Bureau of Prisons. The Government seeks an order authorizing the Bureau of Prisons to turn over $3,263.83 of these funds for payment toward Defendant's remaining balance of restitution.

## II. Discussion

The Government has the authority to enforce orders of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). An order of restitution "may be enforced against all property or rights to property" of a defendant, *id.*, and may be enforced "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii). Further, "an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the

---

[2] The sum of these two figures should be the original restitution amount of $899,081.60, though there appears to be one cent difference.

person fined as if the liability of the person fined were a tax liability . . . ." 18 U.S.C. § 3613(c).

Also, Defendant is under a continuing obligation to pay his order of restitution. If a defendant gains "substantial resources from any source" while incarcerated, he "shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). According to the schedule of payment in Defendant's restitution order, Defendant's payment of restitution was to begin immediately.

Further, the District Court recommended that half of Defendant's prison earnings and all other monies to which he may be entitled be paid for the support of Defendant's two minor children until they reached the age of eighteen years and thereafter that all monies to which Defendant is entitled be applied to his remaining restitution debt. Given the time that has elapsed since the entry of the judgment, both of Defendant's children will have attained the age of eighteen.

Upon review of the Government's motion, the undersigned finds that an order authorizing the release of the subject funds in Defendant's prison inmate account is appropriate. The funds are in the Government's possession, and the Government has a valid lien against the property. Further, Defendant is under an obligation to utilize these funds for the payment of restitution still owed. Finally, the property at issue is cash and does not qualify as property that

Defendant could claim is exempt. 18 U.S.C. § 3613(a)(1) (describing the applicable IRS property exemptions for criminal cases).

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account is **GRANTED**, and the Bureau of Prisons is hereby directed to remit to the Clerk of Court $3,263.83 held in Defendant's inmate trust account as payment toward the remaining restitution debt in this case.

Signed: September 15, 2021

W. Carleton Metcalf
United States Magistrate Judge